the fact that the products possess similar trademarks and trade dress and are sold in the same channels of trade, the likelihood of consumer confusion (including, initial interest confusion) over the source of Defendants' infringing products is extremely likely. Confusion is especially likely given that Plaintiffs market both food products and personal care products such as hair and skin care products and petroleum jelly. Annexed hereto as Exhibit 16 are print-outs from Amazon.com and Pricegrabbers.com.

**Defendants' Misappropriation of the COUNTRY CROCK Talking Hands Television Commercials**

38. Defendants' pattern of deliberate and willful misappropriation of Plaintiffs' intellectual property expanded when Defendants recently introduced a new television commercial for their line of YOU WON'T BELIEVE IT'S NOT BOY BUTTER products which imitates Plaintiffs' famous and distinctive television commercials including Plaintiffs' COUNTRY CROCK "Talking Hands" television commercial. On March 26, 2007, a copy of the YOU WON'T BELIEVE IT'S NOT BOY BUTTER television commercial (the "Infringing Television Commercial") was uploaded onto the You Tube website located at www.youtube.com (the "You Tube Website") and is currently available for viewing on the You Tube Website and also on the Boy Butter Websites.

39. The Infringing Television Commercial misappropriates distinctive and proprietary creative concepts, themes and visual content taken from Plaintiffs' famous Talking Hands Television Commercials by depicting familiar scenes of a couple's hands as the couple's voice-over dialogue narrates a discussion regarding Defendants' personal lubricant products. In addition to featuring and advertising the infringing YOU WON'T BELIEVE IT'S NOT BOY BUTTER products described above, The Infringing Television Commercial misappropriates

17

distinctive and proprietary creative concepts, themes and visual content taken from Plaintiffs' famous and copyrighted Talking Hands Television Commercials.

40.     On March 29, 2007, B.B.L. issued a press release stating that the Infringing Television Commercial would air soon on cable networks such as Bravo, Oxygen, E and Logo in New York and Los Angeles. Annexed hereto as Exhibit 17 are press releases and blogs regarding the Infringing Television Commercial, which were promoted on the B.B.L. Website.

41.     Defendants have received significant media and consumer attention regarding the Infringing Television Commercial and the infringing BOY BUTTER and YOU WON'T BELIEVE IT'S NOT BOY BUTTER products. A significant portion of this media coverage and consumer attention has been focused on the confusing similarity between Defendants' BOY BUTTER and YOU WON'T BELIEVE IT'S NOT BOY BUTTER product packaging to Plaintiffs' product packaging and regarding Defendants' copying of Plaintiffs' iconic advertising campaigns. Some representative third-party statements reflective of the confusing similarity between Defendants' Infringing Products and Plaintiffs' COUNTRY CROCK product packaging include: "Need some Country Crock for your big city cock"; "And most people will mistake it for Country Crock."; and "If you're not looking closely you might mistake BOY BUTTER for your mom's Country Crock." Annexed hereto as Exhibit 18 are print-outs of articles regarding B.B.L.'s Infringing Television Commercial and the infringing BOY BUTTER and YOU WON'T BELIEVE IT'S NOT BOY BUTTER product packaging and which include the above-referenced statements.

**Defendants Willful Misappropriation of Plaintiffs' Intellectual Property**

42.     On April 10, 2007, Plaintiffs' counsel contacted Eyal Feldman on the telephone advising him of Plaintiffs' rights in the Plaintiffs' Intellectual Property, the illegality of

Defendants' activities and demanding that Defendants cease all use of the Plaintiffs' Intellectual Property. Despite being put on notice of Plaintiffs' exclusive rights in the Plaintiffs' Intellectual Property, Feldman refused to agree to cease Defendants' illegal activities.

43. In light of Defendants' undeterred and willful infringement, on April 10, 2007, Plaintiffs' counsel sent a letter to B.B.L. once again advising B.B.L. of Plaintiffs' rights in the Plaintiffs' Intellectual Property and reiterating Plaintiffs' demand that Defendants cease their illegal activities. Annexed hereto as Exhibit 19 is a copy of Plaintiffs' April 10, 2007 letter to Defendants.

44. After a telephone conversation with counsel for B.B.L. and exchange of correspondence, Defendants have not ceased their illegal activities.

45. Defendants have adopted, commenced use of and are using and planning to use the infringing BOY BUTTER and YOU WON'T BELIEVE IT'S NOT BOY BUTTER products and the Infringing Television Commercial with the intent and purpose of trading on the extensive good will built up by Plaintiffs in the Plaintiffs' Intellectual Property and to reap the benefits of years of effort and investment by Plaintiffs to create public recognition of the Plaintiffs' Intellectual Property and the products sold thereunder.

46. Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

47. Defendants' acts of imitation have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK DILUTION (15 U.S.C. §1125(1)(c))

48. Plaintiffs reallege paragraphs 1 through 45 above and incorporate them by reference as if fully set forth herein.

49. By reason of Plaintiffs' continuous and extensive use and advertising of their products in connection with the I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property, the I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property has become famous and highly distinctive of Plaintiffs and is uniquely associated with Plaintiffs.

50. Defendants' above-described actions, which occurred after Plaintiffs' I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property acquired fame, have diluted and will, unless restrained, continue to dilute and are likely to dilute the distinctive quality of Plaintiffs' famous I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property by destroying the exclusive association between Plaintiffs' intellectual property and their goods, and/or otherwise lessening the capacity of the I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property to identify Plaintiffs and their goods exclusively and/or tarnishing Plaintiffs' valuable I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property by undermining and damaging the goodwill and reputation associated with the I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property.

51. Defendants' aforesaid actions are intentional and in violation of Section 43(c)(1) of the Trademark Act, 15 U.S.C. § 1125(c)(1), and have already caused Plaintiffs' irreparable damage and will, unless restrained, continue to so damage Plaintiffs, all of which have no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### FEDERAL TRADE DRESS DILUTION (15 U.S.C. §1125(1)(c))

52. Plaintiffs reallege paragraphs 1 through 49 above and incorporate them by reference as if fully set forth herein.

53. By reason of Plaintiffs' continuous and extensive use and advertising of their products in connection with the COUNTRY CROCK, CHURN STYLE Trade Dress this trade dress has become famous and highly distinctive of Plaintiffs and is uniquely associated with Plaintiffs.

54. Defendants' above-described actions, which occurred after Plaintiffs' COUNTRY CROCK, CHURN STYLE Trade Dress acquired fame, have diluted and will, unless restrained, continue to dilute and are likely to dilute the distinctive quality of Plaintiffs' famous COUNTRY CROCK, CHURN STYLE Trade Dress by destroying the exclusive association between Plaintiffs' intellectual property and their goods, and/or otherwise lessening the capacity of the COUNTRY CROCK, CHURN STYLE Trade Dress to identify Plaintiffs and their goods exclusively and/or tarnishing Plaintiffs' valuable COUNTRY CROCK, CHURN STYLE Trade Dress by undermining and damaging the goodwill and reputation associated with the COUNTRY CROCK, CHURN STYLE Trade Dress.

55. Defendants' aforesaid actions are intentional and in violation of Section 43(c)(1) of the Trademark Act, 15 U.S.C. § 1125(c)(1), and have already caused Plaintiffs' irreparable damage and will, unless restrained, continue to so damage Plaintiffs, all of which have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. §1125(a)(1))

56. Plaintiffs reallege paragraphs 1 through 53 above and incorporate them by reference as if fully set forth herein.

57. Among the consuming public, Plaintiffs' COUNTRY CROCK, CHURN STYLE Trade Dress has acquired distinctiveness among the consuming public and is non-functional.

58. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' COUNTRY CROCK, CHURN STYLE Trade Dress in connection with Defendants' personal lubricant products infringes Plaintiffs' exclusive rights in Plaintiffs' trade dress, is likely to cause confusion, mistake, or deception, and constitutes trade dress infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

59. Defendants have used a copy, variation, simulation or colorable imitation of Plaintiffs' COUNTRY CROCK, CHURN STYLE Trade Dress with full knowledge of the long and extensive prior use of the COUNTRY CROCK, CHURN STYLE Trade Dress by Plaintiffs.

60. Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 11114(1))

61. Plaintiffs reallege paragraphs 1 through 58 above and incorporate them by reference as if fully set forth herein.

62. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' registered COUNTRY CROCK, CHURN STYLE & Design Mark and I CAN'T BELIEVE IT'S NOT BUTTER! Mark in connection with Defendants' personal lubricant products infringes Plaintiffs' exclusive rights in their federally registered marks, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

63. Defendants have used a copy, variation, simulation or colorable imitation of Plaintiffs' COUNTRY CROCK, CHURN STYLE & Design Mark and I CAN'T BELIEVE IT'S NOT BUTTER! Mark with full knowledge of the long and extensive prior use of the COUNTRY

22