CROCK, CHURN STYLE, CHURN STYLE & Design Mark and I CAN'T BELIEVE IT'S NOT BUTTER! Mark by Plaintiffs.

64. Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT/ UNFAIR COMPETITION (15 U.S.C. §1125(a)(1))

65. Plaintiffs reallege paragraphs 1 through 62 above and incorporate them by reference as if fully set forth herein.

66. Plaintiffs are the valid owners and/or exclusive licensee of the CHURN STYLE Mark and I CAN'T BELIEVE IT'S NOT BUTTER! Logo, which are all protectable trademarks entitled to full recognition and protection under federal trademark law.

67. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' CHURN STYLE Mark and I CAN'T BELIEVE IT'S NOT BUTTER! Logo in connection with Defendants' personal lubricant products infringes Plaintiffs' exclusive rights in Plaintiffs' trademarks, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement and unfair competition, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

68. Defendants have used a copy, variation, simulation or colorable imitation of the CHURN STYLE Mark and I CAN'T BELIEVE IT'S NOT BUTTER! Logo with full knowledge of the long and extensive prior use of the CHURN STYLE Mark and I CAN'T BELIEVE IT'S NOT BUTTER! Logo by Plaintiffs.

69. Defendants' conduct is causing immediate and irreparable injury to Plaintiffs, and to their good will and reputation, and will continue both to damage Plaintiffs and to confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

70. Plaintiffs reallege paragraphs 1 through 67 above and incorporate them by reference as if fully set forth herein.

71. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property in connection with Defendants' personal lubricant products constitutes a false designation of origin, a false description and representation of Defendants' goods and a false representation that Defendants' goods are sponsored, endorsed, licensed, authorized and/or affiliated or connected with Plaintiffs.

72. Upon information and belief, Defendants have used a copy, variation, simulation or colorable imitation of Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property with full knowledge of the long and extensive prior use of the Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property by Plaintiffs.

73. Upon information and belief, Defendants have knowingly adopted and used a copy, variation, simulation or colorable imitation of Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property with full knowledge of the long and extensive prior use of the Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property by Plaintiffs.

74. Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

75. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

76. Plaintiffs reallege paragraphs 1 through 73 above and incorporate them by reference as if fully set forth herein.

77. Upon information and belief, Defendants were aware of Plaintiffs' prior use of Plaintiffs' Intellectual Property, and adopted and used the infringing BOY BUTTER and YOU WON'T BELIEVE IT'S NOT BOY BUTTER trade dress, the CHURN STYLE Mark and the Infringing Commercial in disregard of Plaintiffs' rights in Plaintiffs' Intellectual Property. Upon information and belief, Defendants' use of the infringing BOY BUTTER and YOU WON'T BELIEVE IT'S NOT BOY BUTTER trade dress, the CHURN STYLE Mark and the Infringing Commercial has resulted in the misappropriation of and trading upon Plaintiffs' good will and business reputation at Plaintiffs' expense and at no expense to Defendants. The effect of Defendants' misappropriation of the good will symbolized by Plaintiffs' Intellectual Property is to unjustly enrich Defendants, damage Plaintiffs and confuse and/or deceive the public.

78. Defendants' conduct constitutes unfair competition with Plaintiffs, all of which has caused and will continue to cause irreparable injury to Plaintiffs' good will and reputation unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF
### DILUTION AND INJURY TO BUSINESS REPUTATION
### (N.Y. General Business law §360-l)

79. Plaintiffs reallege paragraphs 1 through 76 above and incorporate them by reference as if fully set forth herein.

80. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property has caused and will continue to cause the dilution of the distinctive quality of Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property, resulting in injury to Plaintiffs' business reputation.

81. Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property in connection with goods not controlled or otherwise subject to Plaintiffs' control has caused and will continue to cause dilution and/or injury to the reputation of the Plaintiffs and Plaintiffs' goods.

82. By reason of the foregoing, Plaintiffs are entitled to injunctive relief under New York General Business Law §360-m.

### NINTH CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

83. Plaintiffs reallege paragraphs 1 through 80 above and incorporate them by reference as if fully set forth herein.

84. By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or service, in violation of § 349 of the New York General Business Law.

85. The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendants.

86. Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiffs. The Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment as follows:

1. Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

    (a) using or authorizing any third party from using any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiffs' Intellectual Property in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

    (b) imitating, copying or making any unauthorized use of the Plaintiffs' Intellectual Property or any copy, simulation, variation or imitation thereof;

    (c) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiffs;

    (d) using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false

description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Plaintiffs or tend to do so;

(e) diluting the distinctive quality of Plaintiffs' COUNTRY CROCK, CHURN STYLE Trade Dress and/or I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property;

(f) registering or applying to register as a trademark, service mark, domain name, trade name or other source identifier or symbol of origin any mark, trade dress or name including the COUNTRY CROCK, CHURN STYLE or I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property or any other mark or domain name that infringes on or is likely to be confused with Plaintiffs' COUNTRY CROCK, CHURN STYLE and I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual property;

(g) engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of Plaintiffs' Intellectual Property;

(h) continuing to create, market, promote, broadcast, offer, sell, dispose of, license, transfer, exploit, advertise, reproduce, or develop the Infringing Television Commercial and/or any other works which contain or incorporate any unauthorized copy or reproduction of the COUNTRY CROCK Television Commercial or any other works which are substantially similar thereto or derived therefrom; and

  (i)  aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (h).

2. Requiring Defendants to formally abandon with prejudice any and all applications to register any trademark, service mark, or trade dress consisting of, containing, or confusingly similar to the COUNTRY CROCK, CHURN STYLE and/or I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property either alone or in combination with other words and/or designs.

3. Requiring Defendants to formally abandon with prejudice any and all applications to register any copyright consisting of, or containing, the COUNTRY CROCK TALKING HANDS COMMERCIALS, or any works substantially similar thereto (including the Infringing Television Commercial).

4. Requiring Defendants to recall immediately any and all Infringing Products from all of their distributors, retail establishments or wholesale establishments wherever located in the U.S., and to direct all such distributors, retail establishments or wholesale establishments to cease forthwith the distribution or sale of any and all Infringing Products and to immediately remove the Infringing Products from public access.

5. Directing that Defendants deliver for destruction all products and goods, advertisements for such, and other materials in their possession, or under their control, incorporating or bearing simulations, variations or colorable imitations of Plaintiffs' COUNTRY CROCK, CHURN STYLE and/or I CAN'T BELIEVE IT'S NOT BUTTER! Intellectual Property and/or the COUNTRY CROCK Talking Hands Commercials, used alone or in combination with other words and/or designs.

6. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured,

29

sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants is authorized by Plaintiffs or related in any way to Plaintiffs' products.

7. Directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

8. Awarding Plaintiffs such damages as they have sustained or will sustain by reason of Defendants' trademark infringement, trade dress infringement, dilution, unfair competition, dilution and injury to business reputation and deceptive trade practices.

9. Awarding Plaintiffs all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1107, awarding Plaintiffs an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

10. Awarding Plaintiffs exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

11. Awarding Plaintiffs their costs and disbursements incurred in this action, including their reasonable attorneys' fees.

12. Awarding Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: New York, New York
April 19, 2007

Respectfully submitted,

DUANE MORRIS LLP

By: _____

Gregory P. Gulia (GG 4215)
Eric W. McCormick (EM 1887)
Vanessa C. Hew (VH 4617)
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Fax: (212) 692-1020
Attorneys for Plaintiffs
Unilever Supply Chain, Inc. and
Conopco, Inc. d/b/a Unilever

DM2\1116416.1

31